BLD-083                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3738
_____

IN RE:  ANTHONY JONES,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 4:16-cv-01741)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 24, 2019

Before:  AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

 Anthony Jones petitions for a writ of mandamus directing the United States

District Court for the Middle District of Pennsylvania to rule on his pending petition

under 28 U.S.C. § 2254.  For the following reasons, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In August 2016, Jones filed a § 2254 petition, challenging the computation of his sentence for two convictions by the Franklin County Court of Common Pleas and alleging that his parole was improperly revoked based on a criminal charge for which he was found not guilty. The Commonwealth filed a response in November 2016, and Jones replied shortly thereafter. Almost two years later, in August 2018, Jones requested a copy of the docket report, which the District Court provided. Then, on December 7, 2018, Jones filed in the District Court a motion for an evidentiary hearing and a letter asserting that he is being held illegally. Jones filed his mandamus petition on December 19, 2018. Meanwhile on January 9, 2019, the District Court notified the parties that the case had been referred to Magistrate Judge Martin C. Carlson.

Issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Its main purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify our use of this remedy, a petitioner must demonstrate that he has a "clear and indisputable" right to the writ. Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976). Although we may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Given the discretionary nature of docket management, there can be no clear and

2

indisputable right to have the District Court handle a case on its docket in a certain manner.  See Allied Chem. Corp. v. Daiflon, 49 U.S. 33, 36 (1980).

Jones' § 2254 petition has been ripe for determination since November 2016—over two years' time.  That delay is not insignificant and raises some concern.  See Madden, 102 F.3d at 79.  Notably, however, after Jones filed the mandamus petition, the matter was referred to Magistrate Judge Carlson, suggesting that an adjudication of Jones' § 2254 petition is forthcoming.  Indeed, we are confident that the District Court will rule on Jones' § 2254 petition in a timely fashion.  Therefore, we will deny the mandamus petition.